DECISION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This matter is now before the court on the parties' cross-motions for summary judgment.[1]
 I. STATEMENT OF FACTS
The parties agree to the following stipulated facts[2] as stated in the September 19, 2007, letter:
1. The property subject to this appeal ("Subject Property") is Deschutes County Tax Lot 181209A000400.
2. The Subject Property is currently approximately 10.52 acres in size.
3. In 1992, James D. Van Huffel and Helyn Van Huffel conveyed the subject property to Charles W. Anderson and Linda Anderson, reserving a life estate in the Van Huffels.
4. The 1992 conveyance was recorded on June 12, 1992 in the Deschutes County Deed Records at 1992-020456. *Page 2 
5. On July 7, 2000, Helyn L. Van Huffel, the surviving spouse of James D. Van Huffel, recorded a Quit Claim Deed conveying to Charles W. Anderson and Linda Anderson all remaining of Ms. Van Huffel's interest in the property.
6. The property included in the 1992 and 2000 conveyances encompassed the Subject Property, the area that was later labeled as Tax Lot 181209A000408 ("Tax Lot 408") and additional land that has since been partitioned and/or subdivided.
7. In 2000, with Partition Plat 2000-36, recorded in the Deschutes County Records at 2000-031322, the Deschutes County Assessor ("Assessor") created Tax Lot 181209A000302 ("Tax Lot 302"), consisting of 2.38 acres and owned by Charles W. Anderson and Linda Anderson.
8. In 2000, Tax Lot 302 adjoined 181209A000400 ("Tax Lot 400").
9. In 2002, Plaintiff or Plaintiff's agent filed a lot line adjustment ("LLA") application (01-031) with the City of Bend.
10. On July 9, 2002, after receiving City of Bend approval, Plaintiff or Plaintiff's agent filed LLA 01-031 with the Deschutes County Surveyor (CS15020).
11. No deeds were recorded to finalize LLA 01-031.
12. Because no deeds were recorded to finalize LLA 01-031, that lot line adjustment expired.
13. In approximately March 2005, Plaintiff or Plaintiff's agent filed an LLA application (05-233) with the City of Bend.
14. On March 31, 2005, Charles W. Anderson and Linda Anderson signed a warranty deed conveying to "Comco Plus, Inc., an Oregon Corporation," (sic) the portion of Tax Lot 400 that was located west of American Lane. *Page 3 
15. The deed to Comco Plus, Inc. was recorded April 1, 2005 in the Deschutes County Deed Records at 2005-19490.
16. As a result of the recording of the deed to Comco Plus, Inc. the Assessor created Tax Lot 181209A000408 ("Tax Lot 408"), consisting of 8.49 acres.
17. In 2005, prior to the 05-233 Lot Line Adjustment and the deed to Comco Plus, Inc., Tax Lot 400 consisted of 16.96 acres and was still wholly owned by Charles W. Anderson and Linda Anderson.
18. After the deed to Comco Plus, Inc. and the creation of Tax Lot 408, Tax Lot 400 consisted of 8.47 acres.
19. With the creation of Tax Lot 408 and based upon the recording of the 2005 deed to Comco Plus, Inc., the Assessor added exception value to the subject property, Tax Lot 400, and to Tax Lot 408.
20. In July, 2005, the City of Bend approved LLA 05-233 and the survey was filed with the Deschutes County Surveyor.
21. LLA 05-233 moved the lot line that previously separated Tax Lot 302 and 400 to separate the new Tax Lot 400 from Tax Lot 408.
22. On July 22, 2005, the Andersons recorded a Bargain and Sale deed to themselves for Tax Lot 400.
23. The 2005 deed from and to the Andersons for tax Lot 400 is recorded in the Deschutes County Deed Records at 2005-47131.
24. The Assessor then cancelled tax Lot 302 and the combined acreage of Tax Lot 302 and Tax Lot 400 became Tax Lot 400 for a total of 10.85 acres.
25. The Assessor then reduced the acreage of Tax Lot 400 by .33 acres due to a prior survey error, for a total of 10.52 acres. *Page 4 
26. The Subject Property is zoned industrial.
27. A dwelling is located on the Subject Property.
28. The dwelling is occupied.
29. Plaintiff did not file an appeal for the 2006-07 Tax Year to the Deschutes County Board of Property Tax Appeals.
 II. ISSUE PRESENTED
Did a partition of land occur when Plaintiff conveyed property during calendar year 2005?
 III. ANALYSIS
Property that is partitioned or subdivided under certain circumstances may trigger the exception to the general rule for calculating maximum assessed value. ORS 308.146(3)(b).[3] ORS 308.156(1) is a key provision of law in this case. It provides, in material part, that:
 "If property is subdivided or partitioned after January 1 of the preceding assessment year and on or before January 1 of the current assessment year, then the property's maximum assessed value shall be established as provided under this section."
Defendant claims that the March 31, 2005, transfer by Plaintiff constituted a partition of the lot. Part of that analysis is based on definitions found in ORS chapter 92, pertaining to land use planning. However, this court has previously held that little reliance should be placed on those definitions because they specifically apply to the statutory provisions from ORS 92.010 to ORS 92.190. See Banks v.Multnomah County Assessor, TC-MD No 000349E (Aug 2, 2000).
Instead, the definition of partition must be considered within the context of other provisions of ORS 308.146. The court has earlier analyzed partitions from the plain meaning *Page 5 
of the word and dictionary definitions. See Schug v. Lincoln CountyAssessor, TC-MD No 000215D, WL 33244301 at *3 (Oct 23, 2000).
The conveyance of Tax Lot 408 by Plaintiff on April 1, 2005, created a different parcel. At that time there was a pending lot line adjustment. Before the transaction, there were two tax lots. At the end of the 2005 calendar year, there were still two tax lots, albeit with different identification numbers. There was no difference in total size. This was clearly not a partition, within the plain meaning of that word. The final, approved lot line adjustment occurred within that same calendar year.
ORS 308.159 thereafter limits the total maximum assessed value with such lot line adjustments. It provides:
 "If a lot line adjustment is made with respect to property, the maximum assessed value of the property may be adjusted to reflect the lot line adjustment, but the total maximum assessed value of all property affected by the lot line adjustment may not exceed the total maximum assessed value of the affected property determined under ORS 308.146, or, if applicable, under ORS 308.153 or 308.156."
Given the circumstances and timing of the events, Defendant improperly added 2006-07 exception value to both Tax Lot 400 and Tax Lot 408. ORS308.146(3)(b); ORS 308.156(5). The limitation of ORS 308.159 is clearly applicable to this case; corrections must be made in Defendant's assessment records.
 IV. CONCLUSION
After considering all the arguments, the court finds that a partition of the subject property did not occur in this case. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is denied;
IT IS FURTHER DECIDED that Plaintiff's Motion for Summary Judgment is granted; and
IT IS FURTHER DECIDED that Defendant shall take all necessary actions to comply with the above findings in all respects.
Dated this ______ day of April 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on April 16,2008. The Court filed and entered this document on April 16, 2008.
[1] Plaintiff filed on October 22, 2007; Defendant filed on November 2, 2007. The record closed November 23, 2007.
[2] All capitalization and punctuation herein as in original document.
[3] All references to the Oregon Revised statutes (ORS) are to 2005. *Page 1